ENTERED
03/23/2009

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| PRL I, LTD., | ) | CASE NO. 08-80466-G3-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court has held a hearing on the "Motion of K-Max, Inc. to Dismiss Chapter 7 Case" (Docket No. 8). The court has previously dismissed the Chapter 7 case of the general partner of the Debtor, PRL, LLC, Case No. 08-80392-G3-7. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

PRL I, Ltd. ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 29, 2008. Robbye R. Waldron is the Chapter 7 Trustee.

In the instant motion, K-Max, Inc. ("K-Max") seeks dismissal for cause. K-Max contends that there are no assets available for distribution to creditors, and that, because Debtor

is not an individual, it is not entitled to discharge.  Thus, no purpose is served by maintaining the instant case.

Kevin Kilgore, the president of K-Max, testified that, beginning in July, 2005, he had conversations with Larry Caldwell, Ryan Caldwell, and Paul Hamm, as representatives of Debtor.  He testified that, beginning in January, 2007, K-Max contracted with Debtor and PRL, LLC, an affiliate of Debtor, for payroll services.  He testified that K-Max enlisted Larry Caldwell as its registered agent with the Internal Revenue Service to make tax deposits.  He testified that Debtor and its affiliate were to prepare and file tax reports, collect the tax due through an electronic funds transfer, and forward trust fund tax payments to the United States Internal Revenue Service.

Kilgore testified that he first became aware that funds were not forwarded to IRS when a representative of IRS visited K-Max's business premises in December, 2007.

On February 8, 2008, K-Max filed suit against, <u>inter alia</u>, Debtor and Caldwell, in the 80th Judicial District Court of Harris County, Texas.  The state court suit, which ultimately has reached 25 parties, was removed to this court, as Adversary Proceeding No. 08-8068.

Kilgore testified that Larry Caldwell agreed, in agreements submitted to the state court under Tex. R. Civ. P. 11, to obtain a home equity loan on his home and also to sell his

interest in a corporation, and pay the proceeds to K-Max.  He testified that K-Max received the proceeds of refinancing of the loan on Larry Caldwell's home.

Debtor's schedules in the instant case identify as the property of the bankruptcy estate $263.89 in a checking account, $123,806 in trade receivables, unknown amounts related to causes of action asserted in the state court lawsuit, and for transfers to Ryan Caldwell, and $46,000 paid by Larry Caldwell to K-Max. (Docket No. 2).

The court finds not credible Debtor's listing of trade receivables, in light of its statements, in its statement of financial affairs, that it had income of $13,054 in 2005, $26,108 in 2006, $42,707.75 in 2007, and $2,977 from the beginning of 2008 through the date of the petition.  (Docket No. 3).

Debtor's schedules in the instant case identify as Debtor's debts an unknown amount to the Texas Comptroller.  The remainder of the debt identified is owed to parties in the state court litigation.  The total amount of debt listed, all of which is listed as unsecured priority debt, is $598,406.12, of which Debtor scheduled $352,645.54 owed to K-Max.  (Docket No. 2).

Kilgore testified that IRS has issued a notice of levy to K-Max.  The notice of levy, indicating unpaid assessed taxes, plus statutory additions, indicates a total debt of $605,181.21.

Debtor filed a response opposing the instant motion.

Debtor called no witnesses in defense of the instant motion.
Counsel for the Chapter 7 Trustee announced that the Trustee has
no opposition to the instant motion.

Conclusions of Law

Section 707(a) of the Bankruptcy Code provides:

The court may dismiss a case only after notice and a
hearing, and only for cause, including--

(1) unreasonable delay by the debtor that is
prejudicial to creditors;

(2) nonpayment of any fees or charges required
under chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to
file, within fifteen days or such additional time
as the court may allow after the filing of the
petition commencing such case, the information
required by paragraph (1) of section 532, but only
on a motion by the United States trustee.

11 U.S.C. § 707(a).

Section 707(a) does not provide an exhaustive list of
factors to be considered in determining whether good cause exists
to dismiss a bankruptcy petition.  The court must balance the
equities and weigh the benefits and prejudices of a dismissal.
Matter of Atlas Supply Corp., 857 F.2d 1061 (5th Cir. 1988).

Courts have dismissed Chapter 7 cases filed by non-
individuals, where there were no significant assets to distribute

4

to creditors.  See e.g., In re American Telecom Corp., 304 B.R
867 (Bankr. N.D. Ill. 2004); In re Hydratech Utilities, Inc., 384
B.R. 612 (Bankr. M.D. Fla. 2008); In re Int'l Zinc Coatings &
Chem. Corp., 355 B.R. 76 (Bankr. N.D. Ill. 2006); In re Ripley &
Hill, P.A., 176 B.R. 596 (Bankr. M.D. Fla. 1994).

         In the instant case the balancing of the equities
favors dismissal.  Nearly all in number of creditors, and nearly
all of amounts owed to creditors identified in the schedules, are
parties to the state court case.  There is no discharge available
to Debtor, because it is not an individual.  See 11 U.S.C.
§ 727(a)(1).  The only assets which appear available for
distribution to creditors appear to be of inconsequential value.
Debtor scheduled $46,000 received by K-Max as an asset
(presumably as a recoverable preference).  The evidence before
the court is that the funds paid to K-Max were paid by Larry
Caldwell, individually, from funds received from a home equity
loan Caldwell procured with respect to his home.  There is no
evidence this $46,000 was an asset of the Debtor entity.  There
is no evidence substantiating any reasonable belief in recovery
of the accounts receivable.  There is little to be accomplished
in the instant case, except the incurring of additional
administrative expenses.  The court concludes that the instant
Chapter 7 case should be dismissed.

Based on the foregoing, a separate Judgment will be entered dismissing the above captioned case.

Signed at Houston, Texas on March 23, 2009.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

6